Good morning, and may it please the Court, I would like to and plan to reserve two minutes of my time for rebuttal. This was a case that made sense to try to adjudge. A 16-year-old was shot in the middle of a large-scale marijuana growing operation. The prosecution's case depended on numerous experts, including a forensic anthropologist who did a reconstruction, an expert ballistic testimony about lead residue, bullet trajectories, and also a forensic dental examination. And Mr. Roe would have made that choice. He would have had a bench trial. And the reason he didn't is because he didn't know about that choice, because his attorney never told him that under the Oregon Constitution he could waive a jury and have a bench trial. Why would he have been better off if it was tried before a judge? I have two responses to that, Your Honor. First is, given the facts and circumstances of the case, it would have made sense to have a judge who would have potentially more experience with complicated evidence, potentially less reactionary feelings about the age of the victim, about where the crime took place. But also, as we argued in the briefs, the question of prejudice in this case centers around whether Mr. Roe would have made a different choice. The Hill test asks, but for counsel's ineffectiveness, would the defendant have chosen a different path? And that's what happened in this case. But for her failure to tell him he had this option, he would have made a different choice. Isn't that 20-20 hindsight? No, it's not. And we know that when we look to the record in the post-conviction case, and he says that he testifies that before trial he understood that he believed the judge understood the case better, and he believed that the judge would have been more fair. And so when you put that together with the objective facts of the case, that confirms his belief pre-trial and that he would have made that choice. That was based on speculation that the judge would feel the same after a full trial, hearing all the witnesses and determining credibility? That was Mr. Roe's belief in how the case would come out. It was purely speculation, wasn't it? No, I don't believe it was purely speculation. The judge did hear some of the evidence at the bail hearing. He heard testimony from some of the people that would eventually go on to testify at the trial against Mr. Roe. And in light of that testimony, the judge was still willing to release Mr. Roe on bail, giving an indication that he potentially did not see the case as a slam dunk as the prosecution had hoped. So although it was Mr. Roe's subjective belief, that subjective belief was confirmed by evidence that was in the record, and it demonstrates that that's the choice that he would have made. If he had been given the option, he would have exercised that Oregon constitutional right to waive the jury to proceed to a bench trial. And now this is an AEDPA case, right? That's correct, Your Honor. Okay, so under 2254, I guess your client has to succeed in saying that the state courts unreasonably applied a federal precedent of the Supreme Court. So I'm wondering, what is that precedent? Because the Supreme Court has never said there's a right to trial by judge, I don't think. Your Honor, that's correct. The Supreme Court has never said there's a right to trial by judge. But the precedent that the state court unreasonably applied in this case is Hill v. Lockhart, and that this case is a question of ineffective assistance. That rule is clearly established. And in Strickland v. Washington, the Supreme Court also said that counsel's performance has to be judged, given all of the reasonableness under the circumstances is the benchmark. And the circumstances in this case include a state constitutional right to waive a jury, a case that suggests a bench trial might have been better, and a client who was going to trial. We know the record demonstrates that in counsel's affidavit, she says, I discussed all the options with Mr. Rowe. He wanted a trial. And in that case, a defense attorney has a duty to consult with their client about, what's that trial going to look like? What's the best possible outcome for you? Well, here's my problem. When asked whether you why he would have chosen a bench trial, you answered subjectively as to what he thought. But if this is ineffective assistance of counsel, then there has to be something that a lawyer would point out to him would be to his advantage in having a bench trial. And that you have not responded to. So why would a lawyer think he was better off having a bench trial and was ineffective in not telling? A lawyer would think he was better off having a bench trial because of the nature of the case. That a lawyer could think a judge would understand this forensic evidence better. A judge would be able to put aside some of the shock value of having a drug growing operation. A judge might be better able to see the case in a way that a jury may not be able to. What was his defense? He did raise self-defense, but there also was an issue at trial of who fired the fatal shot. And that was vigorously litigated with experts on both sides, both the prosecution and the defense, proffered evidence to suggest whose gun was the murder weapon. And so an attorney would have consulted, an effective attorney would have consulted with their client on this decision, given the type of case this was. And also, and I want to let you leave your time for rebuttal, but how do you deal with the fact that the right's not absolute in the state constitution? That is, as I understand it, someone can try to have a trial by judge, but the court has to accept that they don't have to let them have a trial by judge. So when your client has to show his lawyer should have told him he had a right to trial by judge, that he would have invoked that and that the court would have accepted that? No. What he has to show is that his attorney should have advised him and that he would have made a different choice. However, the record does not show, Your Honor, if you disagree and if you decide that he does have to take more of those steps, if he does have to show that the court would have accepted it. The Oregon law indicates that yes, the judge has discretion to refuse a defendant's exercised constitutional right, but that discretion has to be based on something in the record. And so, for example, one of the cases indicated that the judge refused the waiver of jury because the prosecution had made a compelling argument that the community should decide the manslaughter standard. There are no circumstances in this case that would indicate that a judge would actually refuse the waiver had it been asserted. All right, thanks. And do you want to keep some time for rebuttal? I will, yes, unless there are other questions from the panel. Thank you. Good morning. May it please the Court. Counsel Janet Klapstad on behalf of Appellee Superintendent. As is said on our briefs, I think it's very clear there is no controlling United States Supreme Court case law that suggests a defendant has a right, a constitutional right, to a court trial as opposed to a jury trial. Nor does the Oregon Constitution, and it's incorrect to say, that a trial judge has anything other than full range of discretion whether to allow a jury waiver or reject a jury waiver. The court doesn't need to make findings. It's simply a discretionary call by the trial court. And, of course, as Judge Gould has pointed out, this is an AEDPA case. The Roe v. Ortega additional authority cited by Appellant is a pre-AEDPA case, I wanted to point out. But the bottom line is this. The only question before this Court is whether the state court unreasonably applied Strickland in the context where a defendant is charged with murder, where the defendant is told his attorney wants to go to trial, notwithstanding a favorable plea bargain. And so she gives him a full-blown jury trial. A defendant analogizes to, well, perhaps this is like structural error because it infected the entire process, but it's hard for me to think how a full-blown jury trial would be tantamount to structural error here. I think it's an interesting question whether the attorney has an affirmative obligation to advise of a right that is not of constitutional magnitude. I see this more like a strategic decision where there is at least an open dispute what the attorney has an obligation to advise the client of. And if she advises, I think it's in your best interest to go to jury trial, I think it is still settled under Strickland that it's the petitioner's obligation to prove the representation was ineffective and that he was prejudiced by the nature of the ineffective representation. And in this context, it's our position that he must prove, yes, he would have waived jury, yes, the trial judge would have accepted that jury waiver, and yes, there was the outcome would have been different in this context. And unlike most cases, some of the Strickland projection of what the outcome may have been is sort of a reasonable probability of what may have occurred had a different tactic had been chosen. Here at the conclusion of proceedings during sentencing when defense counsel was stating, well, we all know this wasn't a murder case because of all these horrible things these invaders did, and the judge said, nope, this is murder, and sentenced the defendant accordingly. This was certainly not a slam dunk trial, but in terms of the legal rule applicable, it really boiled down to whether this defendant had a viable defense under Oregon law. And Oregon law doesn't permit you to use deadly force unless you are faced with use of deadly force. And however this offense started, marijuana, guns, and all that, what both the court would have found and jurors heard was this defendant shot a 16-year-old boy in the back, and forensic evidence supported that. And in light of those facts, the defendant has, or petitioner in this case, has failed to prove the Strickland prong of prejudice.  There are two things. One is, as I've stated, his right to self-defense in the context of the home invasion. The second was there was a forensic dispute because the body wasn't found sometime later as to which of the two firearms killed him. One of the men was armed with a handgun, a .45, and that bullet, he testified also for the state, that bullet was found in the sill pan below, down where the concrete of the lip of the door to this pole barn, it was where the GRO operation was. And the remaining, even by defendant's own testimony, he was using a shotgun, and he fired a shotgun in the direction of the fleeing young man. He found several of those pellets embedded in the door. When the body was later found, there was a chip showing a through-and-through wound of what's left of the skeletal remains because the interior, it was chipped in the interior of the front ribs and the exterior of the back ribs in. So that's the forensic evidence that confirmed what co-defendant said, the other guy shot. What defendant said, I shot the shotgun, but I think I missed. And the size of the injury to the skeletal remains was consistent with a shotgun pellet as opposed to .45. So in your view, there was nothing terribly sophisticated about the forensic evidence? Not terribly. It was a case where a defense attorney, I think it's a more logical case for presentation to a jury because you have this armed invasion, and you can paint these terrible people breaking into your home and beating up these people. But the bottom line is the core decision on murder was, as a matter of law, was this man justified in shooting the fleeing fellow in the back? So are there any federal precedents you're aware of that analyze Strickland in a context like this where there's an asserted failure to follow state law and give someone a chance to try their case to a judge? No, is the short answer, certainly not U.S. Supreme Court. There are some cases that are kind of around the edges, but they usually involve situations where defense counsel waives jury without advising, fully advising his client of the right to a jury trial rather than the converse, that a defense attorney proceeds to a jury trial without advising his client that he may seek to waive jury. I don't know of any. Are there cases that analyze the second prong of Strickland, the prejudice prong, in terms of how many steps there are that are speculative to conclude? No, and I think that actually leads to the problem under AEDPA that if a reasonable jurist could, a fair-minded jurist could disagree on what the proper analysis is for prejudice, then the state court has reasonably applied Strickland as long as it acknowledges that is the controlling law. It looks to what defendant's or petitioner's obligation is to prove and it finds that he has failed to prove the prejudice prong of Strickland. But if you're asking me more directly, are there cases on all fours in this, I haven't been able to find any. I don't believe the ones cited by the defense have either. They're usually the converse. Okay, thank you. Thank you. Okay, Ms. Zellman. Thank you, Your Honor. I have just two brief points in reply. First, the assertion that the judge conclusively decided that it was a murder is taken somewhat out of context. If you read the transcript page when the defense counsel argues to the judge, you know this wasn't a murder, Your Honor. He says, well, yes, it was. If you go on, he says, yes, it was because that's what the jury found. And so that can be read, I would submit, as more of a ratification of the jury's verdict rather than his own independent view that absolutely this was a murder. And the second point, Judge Gould, goes to your question that while there are not any cases that are on all fours with factual identity of this case, that's not the standard that we have to find to find that the law is clearly established and that it applies. Cases that set principles that can be applied without needing to be tailored or modified are clearly established law for purposes of AEDPA, and that's what we have here. Strickland is clearly established law, and the prejudice problem is. But what cases define what you have to show to show prejudice? Hill v. Lockhart is the case that deals with this situation of a choice. And that says that the prejudice prong is assessed by determining but for counsel's ineffectiveness, would the defendant have done something different? Would they have made a different choice? And the case that I provided to the panel, Roe v. Flores-Ortega, is another situation with a choice, but for counsel's failure to consult, would the defendant have taken an appeal? Would he have made a different choice? Okay, very interesting case. Thank you very much. Thank you both for your excellent arguments.
judges: Schroeder, Alarcon, Gould